UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PIERRE Q. PULLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01311-JRS-MJD |
| ) | |
| MYLA ELDRIDGE in her capacity of ) | |
| Secretary, ) | |
| MARION COUNTY ELECTION BOARD, ) | |
| INDIANA ELECTION COMMISSION, ) | |
| MARION COUNTY CLERK, ) | |
| CITY OF INDIANAPOLIS, ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Defendants. ) | |

**Order Denying Defendants' Motions to Dismiss**

Plaintiff Pierre Q. Pullins, *pro se*, filed an Amended Complaint against Myla Eldridge, the Marion County Election Board, the Marion County Clerk, the City of Indianapolis, and Marion County (collectively "Municipal Defendants") and against the State of Indiana, and the Indiana Election Division (collectively "State Defendants") on November 2, 2020. (ECF No. 14.) Both the Municipal Defendants and the State Defendants sought an automatic extension of time under Local Rule 6-1. (ECF No. 18; ECF No. 22.) Municipal Defendants filed a Notice of Automatic Enlargement of Time indicating the extended due date for their response to Plaintiff's Amended Complaint was December 24, 2020. (ECF. 18.) However, after the Municipal Defendants filed their Notice, the Southern District of Indiana decided to close the Court on December 24, 2020, in observation of Christmas Eve. Thus, under

Federal Rule 6, the actual due date for Municipal Defendants' response was December 28, 2020. *See* Fed. R. Civ. P. 6(a). State Defendants also filed a Notice of Automatic Initial Extension of Time making their response due January 19, 2021. (ECF No. 22.)

Municipal Defendants filed a Motion to Dismiss and a Brief in Support of their Motion to Dismiss on December 28, 2020. (ECF. Nos. 24–25.) While Municipal Defendants did file two certificates of service, (Mun. Defs.' Mot. to Dismiss 2, ECF No. 24; Br. Mun. Defs.' Mot. to Dismiss 21, ECF No. 25), the certificates did not say if or when Municipal Defendants served Plaintiff. The certificates stated only that copies of the Motion and Brief "shall be served" on the Plaintiff. (Mun. Defs.' Mot. to Dismiss 2, ECF No. 24; Br. Mun. Defs.' Mot. to Dismiss 21, ECF No. 25.)

State Defendants filed a Motion to Dismiss and accompanying Memorandum on January 19, 2021. (ECF. Nos. 26–27.) State Defendants did not file a certificate of service for either their Motion or their Memorandum.

Due to the apparent defects in service, the Court **denies** both Motions to Dismiss without prejudice. Written motions must be served on every party. Fed. R. Civ. P. 5(a)(1)(D). A certificate of service must be filed with every motion. Fed. R. Civ. P. 5(d)(1)(B)(i).

For the State Defendants, there is no record of if or when State Defendants served their Motion on Plaintiff. State Defendants did not file a certificate of service at all. For the Municipal Defendants, the certificates filed were insufficient. The certificates state that copies of the Motion and Brief "shall be served" on the Plaintiff. (Mun.

Defs.' Mot. to Dismiss 2, ECF No. 24; Br. ISO Mun. Defs.' Mot. to Dismiss 21, ECF No. 25). These certificates do not say *if or when* Municipal Defendants effected service. The purpose of Rule 5(d) is to ensure that "service has been effected." *See* Fed. R. Civ. P. 5(d) advisory committee's note to 1991 amendment. A statement that one will perform service at some point in the future does not certify that service has been effected.

Moreover, due to Plaintiff's *pro se* status, filing the Motions to Dismiss on the Court's electronic filing service did not fulfill or otherwise abrogate the certificate requirement. Rule 5(d)(1)(B) suspends the certificate requirement only where a paper is *served* by filing the paper on the Court's electronic filing service. Fed. R. Civ. P. 5(d)(1)(B). Here, Plaintiff is not a registered user on the Court's electronic filing system and was not given electronic notice of the Motions. Thus, Plaintiff was not served under Rule 5 through the electronic filing service. Actual service also is in question here: Plaintiff has not responded to either Motion to Dismiss, even though he is active in the litigation. (*See, e.g.*, Pl.'s Mot. for Writ, ECF No. 31 (filed Feb. 28, 2021).)

## Conclusion

Each of the Motions to Dismiss, (ECF Nos. 24, 26), are **DENIED**. Defendants have leave of court to refile their Motions and Memorandums. Defendants have until **Friday, September 10, 2021**, to refile their Motions and Memorandums with proper proof of service.

**SO ORDERED.**

Date:  8/27/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

PIERRE Q. PULLINS
6120 Westlake Dr. N
Apt. B
Indianapolis, IN 46224

Courtney Lyn Abshire
INDIANA ATTORNEY GENERAL
courtney.abshire@atg.in.gov

Parvinder Kaur Nijjar
INDIANA ATTORNEY GENERAL
parvinder.nijjar@atg.in.gov

Andrew J. Upchurch
OFFICE OF CORPORATION COUNSEL
andrew.upchurch@indy.gov