# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| PIERRE Q. PULLINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:20-cv-01311-JRS-MJD |
| MYLA ELDRIDGE in her capacity as Secretary, MARION COUNTY ELECTION BOARD, INDIANA ELECTION COMMISSION, MARION COUNTY CLERK, CITY OF INDIANAPOLIS, and STATE OF INDIANA, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF
## STATE DEFENDANTS' MOTION TO DISMISS

Defendants, the Indiana Election Commission ("IEC") and the State of Indiana ("State"), collectively "State Defendants," by counsel, under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), 12(b)(6), and the Eleventh Amendment of the United States Constitution, respectfully move the Court to dismiss this cause of action. In support, Defendants state as follows.

## BACKGROUND

Plaintiff Pierre Pullins ("Pullins") sued State Defendants and Myla Eldridge, Marion County Election Board, City of Indianapolis and Marion County ("County Defendants"), challenging the validity of the 2018 Democratic Primary Election for the Seventh Congressional District ("Election"). Pullins asks this Court to order Defendants to pay $50,000,000 USD in punitive damages alleging that Defendants

conspired against him in the Election. Pullins alleges that from 2006 to 2020, all Clerks of Marion County, Indiana, falsified the election results in every primary election for federal office in the Seventh Congressional District against Pullins, who was campaigning for office, in order to humiliate him.

Pullins specifically alleges that during the Election, Myra Eldridge conspired with the Indianapolis Star ("Star"), the Indianapolis Recorder ("Recorder"), and Urban One's radio station WTLC ("WTLC") to provide cover for Representative Andre Carson, sabotage Pullins's candidacy, and alter the total vote count. [ECF 14 at 3.] Pullins alleges that the Star edited his questions about Representative Andre Carson in the Star's 2018 online election guide. [ECF 14 at 3]. Pullins also alleges that the Recorder intentionally did not interview him in favor of other Democratic candidates challenging Representative Carson. [ECF 14 at 3-4]. Similarly, Pullins alleges that WTLC excluded Pullins as a guest on their Community Connection program while allowing other Democratic candidates to participate. [ECF 14 at 4]. Pullins alleges that Clerk Eldridge furthered this conspiracy by falsifying his approximately 250 votes received in the 2018 primary. [ECF 14 at 4].

Pullins also alleges that an unnamed Department of Public Works employee threatened him in connection to Pullins's candidacy for federal office. [ECF 14 at 4]. Pullins claimed that he reported the threat to the Indianapolis Metropolitan Police Department and the City of Indianapolis Human Resources Department, but nothing ensued. [ECF 14 at 4].

Pullins ultimately believes that local media and government actors targeted "the African-American community" in a "disinformation campaign to affect the outcome of an election for federal office," that resulted in the falsification of his vote count in the Election [ECF 14 at 4]. However, does not describe any conduct or communication from State Defendants relating to his claims. Pullins also does not request relief from State Defendants. Pullins does not allege any facts or any claims against the State Defendants. Accordingly, this case should be dismissed.

## STANDARD OF REVIEW

Plaintiff's amended complaint should be dismissed under Rule 12(b)(1), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure because this court lacks subject matter jurisdiction and Plaintiff has failed to state a claim for which relief may be granted.

Fed. R. Civ. P. 12(b)(1) provides that a case may dismissed if the court lacks subject-matter jurisdiction. When ruling on a motion to dismiss for lack of subject-matter jurisdiction, "the district court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff." *Rueth v. U.S. E.P.A.*, 13 F.3d 227, 229 (7th Cir. 1993).

Fed. R. Civ. P. 12(b)(5) provides that a defendant may enforce the service of process requirements through a pretrial motion to dismiss. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service. *See Homer v. Jones–Bey*, 415 F.3d 748, 754 (7th Cir.2005). If, on its

3

own or on the defendant's motion, the district court finds that the plaintiff has not met that burden and lacks good cause for not perfecting service, the district court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant. Fed. R. Civ. P. 4(m).

Fed. R. Civ. P. 12(b)(6) provides that a case may be dismissed if the complaint fails "to state claim upon which relief can be granted." When addressing a motion to dismiss under Rule 12(b)(6), "a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Only "a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

## ARGUMENT

### I.     Pullins does not have standing to pursue any federal claim.

The Court should dismiss Pullins' amended complaint because he lacks standing to sue State Defendants. The Court must first determine whether the movant raises a factual or facial challenge to standing. *Silha v. ACT*, Inc., 807 F.3d 169, 173 (7th Cir. 2015); *Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). "A factual challenge contends that 'there is in fact no subject matter jurisdiction,' even if the pleadings are formally sufficient." *Id*. Facial challenges posit

"that the plaintiff has not sufficiently 'alleged a basis of subject matter jurisdiction.'" *Id*. State Defendants argue a facial challenge in that Pullins has not sufficiently alleged a causal linkage between State Defendants' actions and Pullins' alleged injury, or that a favorable decision will remedy the injury.

Pullins bears the burden of establishing standing. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003)); *Doe v. County of Montgomery, Ill.*, 41 F.3d 1156, 1158 (7th Cir.1994). "Standing requires a showing of: (1) injury-in-fact, which is an 'invasion of a legally protected interest that is concrete and particularized, actual or imminent, and not conjectural or hypothetical'; (2) causal linkage between the defendant's conduct and the injury; and (3) likelihood that a favorable decision will remedy the injury." *Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 527 (7th Cir.2001); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "Each element of standing 'must be supported by more than unadorned speculation.'" *Hughes v. Chattem, Inc.*, 818 F. Supp. 2d 1112, 1116 (S.D. Ind. 2011)(*quoting United States v. Diekemper*, 604 F.3d 345, 350 (7th Cir.2010)).

The Seventh Circuit recently noted that an inaccurate vote count might be a concrete and particularized injury that would grant a candidate standing. *See Trump v. Wisconsin Elections Comm'n*, 2020 WL 7654295, at *2 (7th Cir. Dec. 24, 2020). Nevertheless, Pullins must also establish a causal linkage between State Defendants' conduct resulting in an injury that is supported by more than mere speculation. It is true that IEC is empowered to administer Indiana election laws and "[g]overn the fair, legal, and orderly conduct of elections." Ind. Code § 3-6-4.1-14(2)(A). However,

Pullins has not propounded any facts that link the State Defendants to the alleged conspiracy and election fraud. Pullins alleges that the Star, the Recorder, and WTLC conspired with Congressman Carson's campaign and Clerk Eldridge to falsify his total vote count in the Election. [ECF 14 at 4]. Pullins also claims that an unnamed city employee with the department of Public Works threatened him and that the IMPD and the City of Indianapolis Human Resources Department did not investigate the threat. [ECF 14 at 4]. Pullins does not allege any facts that purport State Defendants acted within or outside their statutory power to collude with local media and Clerk Eldridge to falsify Pullins' vote count. Nor does Pullins proffer any facts that purport State Defendants had anything to do with the threat against Pullins and the subsequent lack of investigation. In fact, Pullins does not mention State Defendants in his complaint whatsoever. Thus, the legal sufficiency of his claim is deficient because he has not alleged any facts that State Defendants' conduct directly caused his alleged injury.

Furthermore, standing also requires that State Defendants should be both the cause of the alleged unlawful action and the appropriate party to provide relief. *See Taylor v. McCament*, 875 F.3d 849, 855 (7th Cir. 2017). Pullins does not request relief from State Defendants, so it is unlikely that his alleged injury will be "redressed by a favorable decision." *Lujan,* 504 U.S. at 561. A favorable decision will not redress any injury-in-fact that he suffered fairly traceable to State Defendants because no relief can be granted under the statutes invoked in his complaint. The Voting Rights Act, 52 U.S.C. § 10101, does not create private right of action for monetary relief.

*Olagues v. Russoniello*, 770 F.2d 791, 805 (9th Cir. 1985) (noting that "[n]o case has been cited nor have we found one in which damages were recovered."). Second, 18 U.S.C. § 1519 does not create a private right of action. *Peavey v. Holder*, 657 F. Supp. 2d 180, 190 (D.D.C. 2009), aff'd, 2010 WL 3155823 (D.C. Cir. Aug. 9, 2010); *Amr v. Whittaker*, 793 Fed. Appx. 621, 622 (9th Cir. 2020) (affirming the dismissal of a pro se complaint that alleged a violation of 18 U.S.C. § 1519 because it "failed to allege facts sufficient to state a plausible claim."). Third, he has not alleged a claim that may proceed under 42 U.S.C. § 1985. See *Love v. Bolinger*, 927 F. Supp. 1131, 1140 (S.D. Ind. 1996) (citations omitted).

Recent precedent indicates that candidates are only entitled to non-monetary relief if they prove that inaccurate vote totals caused their rights to be violated. *See, e.g., Trump*, 2020 WL 7654295, at *3. Pullins' request for monetary damages creates a lack of Article III redressability even if a freestanding right of action existed. Accordingly, this Court cannot grant Pullins relief that would redress an injury traceable to the State Defendants. Pullins lacks standing and this case should be dismissed.

## II.     Plaintiffs' claims are barred by sovereign immunity.

The Eleventh Amendment bars all constitutional claims against IEC and the State of Indiana. "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. States enjoy sovereign immunity from private suits.

*Hans v. Louisiana,* 134 U.S. 1 (1890). State agencies are treated the same as states. *Alabama v. Pugh,* 438 U.S. 781, 782 (1978); *Gleason v. Board of Educ.,* 792 F.2d 76, 79 (7th Cir. 1986). Indeed, a state agency is the state for purposes of the eleventh amendment. *Davidson v. Board of Govs.,* 920 F.2d 441, 442 (7th Cir. 1990); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 104 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the eleventh amendment."). Although the State is named as party in the caption, the complaint is void of any direct claims against the State. Thus, to the extent the State is named as a party, any claims against the State are barred by the Eleventh amendment.

The IEC is a separate entity from the Indiana Office of the Secretary of State. Pullins served only the IEC with a summons addressed to the State, yet his pleadings also identify IEC as a named Defendant. [ECF 14 at 1]. If Pullins indeed sued the State, then it is also entitled to immunity. Case law has long established that states and state agencies are immune from legal action. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Brokaw v. Mercer County*, 235 F.3d 1000, 1009 (7th Cir. 2000); *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988) (holding that Indiana has not waived its Eleventh Amendment immunity). State Defendants did not waive their Eleventh Amendment immunity. Therefore, Pullins' constitutional claims against State Defendants must be dismissed.

### III. Pullins does not allege claims upon which relief may be granted.

State Defendants cannot grant relief under 52 U.S.C. § 10101, 42 U.S.C. § 1985, and 18 U.S.C. § 1519. The federal laws that Pullins invokes do not create a private right of action; therefore, the complaint should be dismissed for legal deficiency.

#### A. Pullins' 52 U.S.C. § 10101 argument fails for lack of private right of action.

Pullins's amended complaint alleges that this Court has federal question jurisdiction over this action under 52 U.S.C. § 10101. [ECF 14 at 2.] Pullins requests $50,000,000 USD in damages and no other declaratory or injunctive relief. [ECF 14 at 6.] This Court does not have jurisdiction to grant Pullins the relief he seeks under 52 U.S.C. § 10101 because the statute does not create a private right of action for monetary relief. *Olagues*, 770 F.2d at 805. Private litigants are only entitled to bring an action for declaratory or injunctive relief against state officials under 52 U.S.C. § 10101. *Allen v. State Board of Elections*, 393 U.S. 544, 555 (1969).

Because there is no private right of action for monetary relief under the statute, Pullins' claim would require the Court to construe an implied cause of action from congressional intent. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 377 (1982). "The legislative history nowhere suggests any action for damages, but instead observes that a private litigant is entitled to 'the same remedy' as the Attorney General, as well as attorneys' fees as in 42 U.S.C. §§ 1981–1988. S.Rep. No. 295, 94th Cong., 1st Sess. 39–43, reprinted in 1975 U.S. Code Cong. & Ad. News 774, 806–10." *Olagues*, 770 F.2d at 805 (1985). "Equitable relief suffices to fulfill

9

the purpose of the statute, which is to ensure the right to register and vote at the polls." *Id*.

Pullins' claim must fail also because the Voting Rights Act "protects an individual's right to vote[.]" *Schwier v. Cox*, 340 F.3d 1284, 1296 (11th Cir. 2003). It does not create a private right of action that allow congressional candidates to sue the State. Pullins has not alleged that he was denied the right to register or vote. He has not alleged facts that demonstrate that he is entitled to relief under the Voting Rights Act.

## B. Pullins' 42 U.S.C. § 1985 claim fail because it is legally deficient.

### i. Pullins is not entitled to relief under 42 U.S.C. § 1985(1).

The statute states in relevant part that it is unlawful for people to conspire against officers of the United States in efforts to prevent them from performing their official duties. "§ 1985(1) relates solely to federal officers and federal office holders." *Love*, 927 F. Supp. at 1140. (citations omitted). State Defendants are not federal officers or federal office holders and cannot be sued under that subsection.

### ii. Pullins is not entitled to relief under 42 U.S.C. § 1985(2).

The statute states in relevant part that it is unlawful for people to conspire to prevent parties, witnesses, or jurors from participating in the justice process or enforcing the right of any person, or class of persons, to the equal protection of the laws in any court of the United States. 42 U.S.C. § 1985(2). That is, it is unlawful to conspire to obstruct justice in any form. Pullins has not alleged that State Defendants have obstructed justice in any form. Moreover, Pullins' claims under this statute

ignore that his allegations occur outside of court. Additionally, to withstand a motion to dismiss claims under § 1985(2), "plaintiffs must allege facts demonstrating that class-based discrimination was the reason for defendants' conduct." *Love*, 927 F. Supp. at 1140 (citations omitted). Pullins has not alleged that State Defendants deterred him from enforcing his rights or that he is a member of a protected class. Accordingly, State Defendants cannot be sued under this subsection.

### iii. Pullins is not entitled to relief under 42 U.S.C. § 1985(3).

To proceed on a § 1985(3) claim, "the plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828–29 (1983).

"A civil conspiracy is 'a combination of two or more persons acting in concert to commit an unlawful act, or to commit awful act by unlawful means.'" *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015) (quoting *Scherer v. Balkema*, 840 F.2d 437, 441 (7th Cir. 1988)). Here, Pullins alleges that the Star, the Recorder, and WTLC prevented him from publicly questioning and criticizing Congressman Carson during his primary campaign. [ECF 14 at 3–4]. Pullins also alleges that Clerk Eldridge

11

capitalized on the conspiracy by falsifying his vote totals. [ECF 14 at 4]. However, Pullins' complaint is void of any facts involving State Defendants.

Pullins did not allege that State Defendants acted in concert to commit the unlawful act of falsifying his vote count. *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO* 463 U.S. at 828-29. Pullins also did not allege that the purpose of State Defendants acting in concert to falsify his vote count was to deprive him equal protection under the law. *Id.* Consequently, Pullins does not include any facts about State Defendants acting in furtherance of the conspiracy to provide cover for Congressman Carson and suppress Pullins' total vote count. *Id.* Lastly, although Pullins may have standing under recent precedent, *Wisconsin Elections Comm'n*, 2020 WL 7654295, at *2, he failed to allege that he was actually deprived of any right. *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO* 463 U.S. at 828-29. Pullins failed to provide even a modicum of information describing how State Defendants were involved in the deprivation of any rights. "To prevail on a conspiracy claim, the plaintiff must show that (1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights." *Daugherty v. Page*, 906 F.3d 606, 612 (7th Cir. 2018) (quotation and citation omitted). Pullins describes no such agreement among State Defendants. Pullins describes no overt acts in furtherance of a conspiracy to deprive him of any rights.

Additionally, Pullins must "show a racial animus driving the conspiracy." *Alexander v. City of S. Bend*, 433 F.3d 550, 557 (7th Cir. 2006); *see also Griffin v.*

12

*Breckenridge,* 403 U.S. 88 (1971) ("The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action"). The amended complaint does not allege that a racial or class-based animus was driving any alleged conspiracy between State Defendants, the media, or any other party. Thus, his amended complaint does not allege sufficient facts to state a claim to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678.

Pullins's amended complaint does not allege that he was subjected to any discrimination as a result of being a member of a protected class. Pullins has not proffered any facts that State Defendants discriminated against him, let alone an entire community. Pullins' conspiracy claims against the State Defendants must be dismissed.

### C. Pullins's 18 U.S.C. § 1519 claim fails for lack of private right to action.

18 U.S.C. § 1519 is a criminal statute. The Supreme Court has "been quite reluctant to infer a private right of action from a criminal prohibition alone[.]" *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver*, N.A., 511 U.S. 164, 190–91 (1994). "[T]o date, no circuit or Supreme Court opinion has held that § 1519 creates a private right of action." *Peavey,* 657 F. Supp. 2d at 190; *Bratset,* 2017 WL 6484308, at *4 ("18 U.S.C. § 1519 is a federal criminal statute that does not provide a private right of action."); and *Amr,* 793 Fed. Appx. At 622 (affirming the dismissal of a pro se complaint that alleged a violation of 18 U.S.C. § 1519 because it "failed to allege facts sufficient to state a plausible claim."). Thus, even if Pullins were to allege specific

facts linking State Defendants to his injury, the action would be enforced by federal authorities and not Pullins. Accordingly, Pullins's § 1519 claim is not a claim upon which relief may be granted and the case should be dismissed.

### IV. Pullins failed to properly serve State Defendants.

Pullins' claims should be dismissed as he failed to effectuate proper service. Fed. R. Civ. P. 12(b)(5). A state or state-created governmental organization that is subject to suit must be served by delivering a copy of the summons and complaint to its chief executive officer or in the manner prescribed by state law. Fed. R. Civ. P. 4(j)(2)(A)-(B). Indiana law requires that service upon a state governmental organization be made to the highest executive officer and the Indiana Attorney General. Ind. R. Tr. P. 4.6(A)(3). When considering a process defect, a district court must first inquire whether a plaintiff has established good cause for failing to effect timely service. *Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 340 (7th Cir. 1996).

According to the Summons filed by Pullins, he served the State of Indiana on November 20, 2020. [ECF 14 at 1]. However, Pullins failed to address the Governor of Indiana in the summons. Nor did Pullins address serve the Indiana Attorney General. Pullins failed to serve IEC but still includes IEC as a party in his pleadings. Thus, Pullins only attempted to serve some State Defendants and did so without attention to both federal and state rules. It is Pullins' burden to prove that he had good cause for improperly effecting service of process. *Espinoza*, 52 F.3d at 841. Pullins is a seasoned pro se litigant with nearly thirty (30) years of experience in

14

federal court.[1] While pro se litigants are not held to the same standard as trained attorneys, Pullins has considerable litigation experience. Yet he filed a frivolous complaint that embraces inarguable legal conclusions under the statues invoked and fanciful factual allegations that do not include State Defendants whatsoever. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pullins' service of process against State Defendants was ineffective and this action should be dismissed.

## CONCLUSION

Plaintiffs' Amended Complaint should be dismissed for the foregoing reasons.

Respectfully submitted,

THEODORE E. ROKITA
Attorney General of Indiana
Attorney number: 18857-49

By: Courtney L. Abshire
Deputy Attorney General
Attorney No. 35800-49

Office of Indiana Attorney General Todd Rokita
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 234-7019
Fax: (317) 232-7979
Courtney.Abshire@atg.in.gov

---

[1] Pullins claims to have filed election fraud complaints in the past. [ECF 14 at 4]. This led State Defendants to search his name in the PACER Case Locator. The inquiry returned twenty (20) distinct lawsuits in the United States District Court for the Southern District of Indiana against defendants ranging from local government employees to Fortune 100 companies dating back to 1992.

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and electronically served all CM/ECF registered counsel. I further certify that on September 10, 2021, the foregoing was mailed, by United States Postal Service, first-class postage prepaid, the document to the following non CM/ECF participants:

Pierre Q. Pullins
6120 Westlake Dr. N
Apt. B
Indianapolis, IN 46224

        By:   Courtney L. Abshire
              Deputy Attorney General

OFFICE OF INDIANA ATTORNEY GENERAL TODD ROKITA
Indiana Government Center South, 5th Fl.
302 West Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 234-7019
Fax:   (317) 232-7979
E-mail:  Courtney.Abshire@atg.in.gov