UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PIERRE Q. PULLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-01311-JRS-MJD |
| | ) |
| MYLA ELDRIDGE, | ) |
| in her capacity as Secretary, | ) |
| MARION COUNTY ELECTION BOARD, | ) |
| INDIANA ELECTION COMMISSION, | ) |
| MARION COUNTY CLERK, | ) |
| CITY OF INDIANAPOLIS, and STATE OF | ) |
| INDIANA | ) |
| | ) |
| Defendants. | ) |

**Order on Municipal Defendants' and State Defendants' Motions to Dismiss**

*Pro se* Plaintiff Pierre Q. Pullins alleges election fraud (Count I), conspiracy (Count II), libel (Count III), political persecution (Count IV), intimidation (Count V), and emotional distress (Count VI) against Defendants, Myla Eldridge (in her official capacity), the Marion County Election Board, the Indiana Election Commission, the Marion County Clerk, the City of Indianapolis, and the State of Indiana. (Am. Compl. 4–6, ECF No. 14.)  Defendants, Marion County Clerk Myla Eldridge, the Marion County Election Board, the City of Indianapolis, and Marion County (collectively, "Municipal Defendants"), moved to dismiss Plaintiff's claims.  (ECF No. 35.)  Defendants, the Indiana Election Commission and the State of Indiana (collectively, "State Defendants"), likewise moved to dismiss Plaintiff's claims. (ECF No. 37.)  The

Court now addresses both motions.  For the following reasons, the Court **grants** both motions to dismiss Plaintiff's claims.

## I.   Background

The Court draws the following facts from Plaintiff's Amended Complaint.  (ECF No. 14.)

Plaintiff alleges that from May 2006 until May 2018, the past clerks of Marion County, Indiana, falsified the election result totals for Plaintiff in every primary election for federal office in which he ran.  (Am. Compl. 2, ECF No. 14.)  This was done to "humiliate and marginalize" Plaintiff for (1) filing complaints against judicial officers, (2) running for office against Julia Carson, and (3) calling into question the personal conduct of Congressman André Carson.  (*Id.* at 2–3.)  Plaintiff also alleges that the June 2020 election results were falsified (though Plaintiff does not reference the June 2020 election at any other point in the Amended Complaint).  (*Id.* at 3.)

Plaintiff makes more specific allegations pertaining to the 2018 Democratic Primary Election for the Seventh Congressional District.  Plaintiff alleges that Eldridge, along with three news organizations (the Indianapolis Star, the Indianapolis Recorder, and Urban One's radio station WTLC) conspired with the André Carson for Congress campaign to suppress Plaintiff's voice and alter his vote totals.  (*Id.*)  Plaintiff implies that this was done in retaliation for Plaintiff's Facebook postings and radio call-ins wherein he demanded that Congressman Carson divulge whether he had any complaints filed against him and whether any taxpayer money had been used to settle such claims.  (*Id.*)  Plaintiff further alleges that the news

2

organizations excluded Plaintiff from political events and interviews and conspired to exclude Plaintiff "off of their platforms [in order] to shield Rep. Carson" from negative press or criticism. (*Id.* at 4.) These organizations "used their platforms . . . to target the African-American community . . . to affect the outcome of an election for federal office." (*Id.*) Eldridge then allegedly "brought this conspiracy home" by falsifying Plaintiff's and other candidates' vote totals. (*Id.*)

Plaintiff also alleges that he was threatened by a city employee who works in the Department of Public Works under Dan Parker, a former Democratic Chairman. (*Id.*) This employee allegedly told Plaintiff that he was "f---ing with people that could make him disappear." (*Id.*) This threat was reported to the Indianapolis Police Department and the City of Indianapolis Human Resources Department; Plaintiff does not believe the threat was investigated. (*Id.*)

Plaintiff filed his original Complaint, (ECF No. 1), in this Court on May 5, 2020. Plaintiff then sought leave to file an amended complaint; leave was granted. (ECF No. 13.) Plaintiff filed the Amended Complaint on November 2, 2020. Plaintiff seeks $50,000,000 in damages. (Am. Compl. 6, ECF No. 14.)

## II.   Legal Standard for Motion to Dismiss

To survive a motion to dismiss, a complaint must contain a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff is not required to include "detailed factual allegations," but the factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if it "pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When considering a motion to dismiss for failure to state a claim, courts "take all of the factual allegations in the complaint as true," *id.*, and draw all reasonable inferences in the plaintiff's favor, *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). Courts need not accept the truth of mere legal conclusions. *Iqbal*, 556 U.S. at 678–79. In addition, *pro se* complaints are construed liberally and are held to a less stringent standard than formal pleadings drafted by lawyers. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). However, the Court is "not to become an advocate" for the *pro se* plaintiff. *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

### III. Discussion

Plaintiff asserts that this Court has federal question jurisdiction based on his claims arising under (1) 52 U.S.C. § 10101 ("Voting Rights Act"), (2) 18 U.S.C. § 1519, and (3) 42 U.S.C. § 1985. (Am. Compl. 2, ECF No. 14.) Plaintiff additionally brings (4) a general claim of "election fraud" and (5) various state law claims (e.g., libel, political persecution, intimidation, and emotional distress) that Plaintiff argues are permissible in this Court through supplemental jurisdiction. These claims will be addressed in turn.

#### A. 52 U.S.C. § 10101 (Voting Rights Act)

Both Municipal Defendants and State Defendants ask the Court to dismiss all of Plaintiff's claims arising under the Voting Rights Act. (Br. Supp. Municipal Defs.'

4

Mot. Dismiss 5, ECF No. 36; Mem. Supp. State Defs.' Mot. Dismiss 9, ECF No. 38.) Specifically, Defendants make two arguments: (1) that there is no private right of action for monetary damages under the Voting Rights Act, and (2) that Plaintiff has not alleged any facts that suggest his right to vote has been infringed. (*Id.*) The Seventh Circuit has not yet directly addressed the issue of whether a plaintiff can seek monetary relief under the Voting Rights Act, and the Court need not do so here. Instead, the Court can dismiss Plaintiff's claims under the Voting Rights Act because the Amended Complaint fails to allege any facts that would suggest a violation of the statute.

Simply put, the Voting Rights Act protects an individual's right to vote and prohibits individuals acting under the color of law from denying those rights to otherwise-qualified individuals. 52 U.S.C. § 10101(a)(1)–(a)(2). There is nothing in the statute providing a cause of action related to election fraud. *See id.*

Here, Plaintiff has not made *any* allegations that his right to vote was infringed by any Defendant. The crux of his Complaint centers on alleged election fraud and unlawful conduct related to his *candidacy* in an election, not his status and rights as a voter. (*See* Am. Compl. 2–4, ECF No. 14.)

Accordingly, all of Plaintiff's claims arising under 52 U.S.C. § 10101 (the Voting Rights Act) are **dismissed with prejudice**.

The Court notes that in his response, Plaintiff also stated that his claims arise under the Help America Vote Act of 2002 ("HAVA"). (Resp. 2, ECF No. 43.) The Court has not found, nor has Plaintiff cited to, any legal authority supporting a

5

private right of action for monetary damages under the HAVA. Further, Plaintiff has not alleged any facts suggesting a violation of the HAVA nor has Plaintiff pointed to a provision of the HAVA that has been transgressed. *See* 52 U.S.C. § 20901 *et seq.* (provisions describing the funding of programs for improved administration and efficiency of elections). Plaintiff's allegations are unrelated to the HAVA; his argument here is without merit.

### B. 18 U.S.C. § 1519

Defendants next ask the Court to dismiss Plaintiff's claims arising under 18 U.S.C. § 1519.

It is well settled that there is no private right of action in the Title 18 criminal provisions under which Plaintiff seeks relief. *See, e.g.*, *Ragsdale v. Turnock*, 941 F.2d 501, 509 (7th Cir. 1991) (noting that in general, our legal system provides no right for private persons to enforce criminal statutes); *McGee v. Nissan Motor Acceptance Corp.*, 619 F. App'x 555, 555 (7th Cir. 2015) ("[F]ederal criminal statutes . . . do not provide a private right of action."). Plaintiff himself seems to acknowledge this in his Amended Complaint. (*See* Am. Compl. 2, ECF No. 14 (noting that 18 U.S.C. § 1519 is "[n]ot civil").)

Accordingly, Plaintiff's claims arising under 18 U.S.C. § 1519 are **dismissed with prejudice**.

### C. 42 U.S.C. § 1985 Conspiracy

Defendants ask the Court to dismiss all of Plaintiff's § 1985 claims. On this issue, the arguments of Municipal Defendants and State Defendants somewhat diverge; the

6

Court will address each separately. Generally, "[f]our elements comprise a civil conspiracy under § 1985: (1) a conspiracy, (2) for purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of laws, (3) an act in furtherance, and (4) injury." *Love v. Bolinger*, 927 F. Supp. 1131, 1139 (S.D. Ind. 1996) (citing *Heideman v. Wirsing*, 840 F. Supp. 1285, 1301 (W.D. Wis. 1992), *aff'd*, 7 F.3d 659 (7th Cir. 1993)). When pleading a § 1985 claim, a plaintiff must allege an agreement or plan, which is a critical element for a conspiracy action. *Quinones v. Szorc*, 771 F.2d 289, 291 (7th Cir. 1985).

   1. <u>No factual allegations of conspiracy were made against State Defendants.</u>

Plaintiff has not alleged any facts in his Amended Complaint that connect State Defendants to any conspiracy, election fraud, or other purported unlawful conduct. (*See* Am. Compl., ECF No. 14.) No agreement or plan is alleged between State Defendants and any other parties. In fact, State Defendants are not mentioned *at all* in the Amended Complaint. Plaintiff himself ultimately concedes that his Amended Complaint is "deficient with respect to the State of Indiana." (Resp. 2, ECF No. 43.) The Court does not need to go further.

All of Plaintiff's claims against State Defendants arising under § 1985 are **dismissed with prejudice**. In addition, because the Amended Complaint is devoid of *any* facts related to State Defendants, all claims against State Defendants are **dismissed with prejudice**.

   2. <u>Plaintiff's conspiracy claims against Municipal Defendants do not relate back and are barred by the applicable statute of limitations.</u>

7

Municipal Defendants ask the Court to dismiss Plaintiff's § 1985 conspiracy claims as barred by the statute of limitations.[1] "While complaints typically do not address affirmative defenses, the statute of limitations may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). "The same statute of limitations applies to claims under § 1983 and § 1985(3)." *Wilson v. Giesen*, 956 F.2d 738, 741 n.4 (7th Cir. 1994); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (noting that the relevant state's personal injury statute of limitations is applicable for claims arising under § 1983). Under Indiana law, an action for an injury to a person must be brought within two years after it accrues. Ind. Code. 34-11-2-4(a)(1). "A civil conspiracy claim accrues 'when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action.'" *Wilson*, 956 F.2d at 740 (quoting *Scherer v. Balkema*, 840 F.2d 437, 440 (7th Cir. 1988)).

When, as here, the operative complaint in a case is an amended complaint, a key issue, for statute of limitations purposes, is whether the filing date of the amended complaint "relates back" to the filing date of the original complaint. "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

---

[1] The Court notes that the only feasible provision of § 1985 that can be alleged here is §1985(3). Defendants are not *federal* officers (as required for § 1985(1)) and Plaintiff has not alleged any facts suggesting obstruction of justice (as required for § 1985(2)). The Court's analysis proceeds accordingly.

8

In this case, the critical date for Plaintiff's § 1985 claim is the date that election results were announced for the 2018 Democratic Primary Election for the Seventh Congressional District: May 9, 2018. Plaintiff does not dispute this date. Based on Plaintiff's allegations, Plaintiff was aware (or should have been aware) of the alleged conspiracy prior to May 9, 2018. (*See* Am. Compl. 2, ECF No. 14 (alleging unlawful conspiracy between Municipal Defendants and local news organizations during the primary campaign leading up to election).) Plaintiff had two years from this date to bring his conspiracy claim; i.e., Plaintiff had to have filed his claims by May 9, 2020. Plaintiff filed his original Complaint, (ECF No. 1), on May 5, 2020. While this is within the May 9 deadline, Plaintiff made no mention of a conspiracy, nor alleged any facts related to such a claim, in his original Complaint. Plaintiff filed his Amended Complaint on November 2, 2020. Because this Amended Complaint was filed beyond the May 9, 2020, statute of limitations deadline, the Court must assess whether the Amended Complaint "relates back" under Fed. R. Civ. P. 15(c)(1)(B).

Plaintiff's original Complaint had no allegations of conspiracy, libel, political persecution, intimidation, or emotional distress; rather, the entirety of the original Complaint consisted of an allegation that Marion County Clerks had falsified election vote totals from 2006 to 2018. (*See* Compl. 1–2, ECF No. 1.) Additionally, the original Complaint does not reference any news organizations, nefarious agreements, or plans amongst any Defendants to undermine Plaintiff's campaign or prevent him from receiving fair publicity in the election. All factual allegations related to conspiracy made by Plaintiff in his Amended Complaint are new and do not arise "out of the

9

conduct, transaction, or occurrence set out . . . in the original pleading." Plaintiff does not present any arguments against this conclusion. Plaintiff's only argument against the statute of limitations defense is that the statute of limitations "went out the door" when Eldridge, as Clerk, removed the 2006 election result totals for ten years. (Resp. 2, ECF No. 43.) The Court fails to see what this has to do with the statute of limitations defense as it pertains to the alleged 2018 conspiracy, and Plaintiff did not develop this argument any further. Thus, the Court concludes that the conspiracy claims in Plaintiff's Amended Complaint do *not* relate back to the original Complaint. Because the Amended Complaint was filed in November of 2020 (almost six months after the last date (May 9, 2020) on which Plaintiff could bring his conspiracy claims), Plaintiff's § 1985 claims are barred by the statute of limitations.

Accordingly, Plaintiff's § 1985 claims against Municipal Defendants are **dismissed with prejudice**.

### D. "Election Fraud" Claim

Plaintiff's only potential federal claim that remains is a general "election fraud" allegation in Count I of his Amended Complaint. (Am. Compl. 4, ECF No. 14.) Municipal Defendants argue that Plaintiff has not established standing to bring such a claim and ask the Court to dismiss the claim under Fed. R. Civ. P. 12(b)(1). (Br. Supp. Municipal Defs.' Mot. Dismiss 9, ECF No. 36.) Specifically, Defendants argue that Plaintiff cites to no statute (neither state nor federal) indicating a cause of action upon which his injury can be adequately redressed. Plaintiff did not address this argument in his Response.

At any time, a Defendant can move to dismiss a case for lack of subject matter jurisdiction. Fed R. Civ. P. 12(b)(1). Subject matter jurisdiction cannot exist in the absence of a case or controversy, namely, constitutional standing, which requires an actual injury that can be redressed by the court. Plaintiff, as the party invoking subject matter jurisdiction, bears the burden of establishing standing. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003). "The standing requirements imposed by the Constitution are three-fold; a litigant must show (1) that she 'suffered a concrete and particularized injury that is either actual or imminent'; (2) 'that the injury is fairly traceable to the defendant'; and (3) that a favorable decision will likely redress the injury." *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 639 (7th Cir. 2017) (quoting *Massachusetts v. EPA*, 549 U.S. 497, 517 (2007)). Municipal Defendants concede that Plaintiff has met the first two elements for standing. (Municipal Defs.' Reply 3, ECF No. 46.) However, Municipal Defendants contend that Plaintiff has not shown how any decision in his favor would redress his injury. The Court agrees.

First, Plaintiff admits that he would not have prevailed in the 2018 primary election even without Municipal Defendants' alleged fraudulent conduct. (Resp. 3, ECF No. 43.) Thus, even if Plaintiff sought some sort of injunction (which he does not), the injunction would not remedy his alleged injury. But here, Plaintiff seeks monetary relief in the amount of $50,000,000. (Am. Compl. 6, ECF No. 14.) Yet, as discussed at length above, Plaintiff has not cited to any federal legal authority that would allow the Court to provide him with his requested monetary remedy based on his election fraud allegations. This gap is fatal to Plaintiff's claim as it provides no

11

path for a favorable decision by this Court to redress Plaintiff's injury. Plaintiff's only argument to establish standing is that he has been "a candidate in every primary election . . . from 2006 to 2020." (Resp. 2, ECF No. 43.) This argument does not address the third requirement (redressability) of standing. Plaintiff has thus not met his burden of establishing standing to bring a federal claim of "election fraud," nor has Plaintiff shown that his claims would ever mature into justiciable federal claims.

Accordingly, any claim of "election fraud" arising under federal law is **dismissed with prejudice.**

### E.  Remaining State Law Claims

With the dismissal of all federal "election fraud" claims, and all claims arising under (1) 52 U.S.C. § 10101 ("Voting Rights Act"), (2) 18 U.S.C. § 1519, and (3) 42 U.S.C. § 1985, all that remains in this case are Plaintiff's various possible state law claims (i.e., state law "election fraud" claims, libel, political persecution, intimidation, and emotional distress).

"When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Al's Serv. Ctr. V. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). However, when deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (cleaned up); *see also Van Harken v. City of Chi.*, 103 F.3d 1346, 1354 (7th Cir.) (reaffirming

the "no brainer" exception to the general rule of relinquishing jurisdiction of state law claim: if an obvious interpretation of state law knocks out the plaintiff's claim, the federal court should retain jurisdiction).  In this case, the Municipal Defendants have asked the Court to retain jurisdiction over Plaintiff's state law claims for the purposes of judicial economy, and Plaintiff has not argued to the contrary.  (*See* Municipal Defs.' Reply 3, ECF No. 46.).  Additionally, Plaintiff's state law claims can be quickly disposed of due to a lack of timeliness.  Therefore, the Court will retain jurisdiction in this case and rule on Plaintiff's remaining state law claims.

Plaintiff's first potential state law claim is his general "election fraud" claim.  Under Ind. Code § 3-12-11-2, a dissatisfied candidate who desires a recount or to contest a nomination or election "must file a verified petition with the election division not later than noon fourteen (14) days after election day."  Election day was May 9, 2018.  At no point did Plaintiff file the required petition to contest the election results under state law, and this lawsuit was not initiated until 2020.  Accordingly, the deadline to contest these results has passed, and Plaintiff's "election fraud" claim under state law must be **dismissed with prejudice**.

Plaintiff's remaining state law claims (i.e., libel, political persecution[2], intimidation, and emotional distress) are likewise untimely.  Under Ind. Code 34-11-2-4, an action for injury to a person or character "must be commenced within two (2) years after the cause of action accrues."  In this case, Plaintiff's allegations all arise from conduct occurring, at the latest, prior to May 9 of 2018.  (Am. Compl. 3–4, ECF

---

[2] The Court has been unable to find a cause of action for political persecution under Indiana law.

13

No. 14.) Plaintiff's Amended Complaint containing the relevant state law allegations was not filed until November 2, 2020, more than two years after the causes of action accrued. Therefore, Plaintiff's claims are untimely and barred by the applicable statute of limitations. Thus, Plaintiff's remaining state law claims for libel, political persecution, intimidation, and emotional distress are **dismissed with prejudice**.

For the reasons outlined above, all of Plaintiff's state law claims against Municipal Defendants are **dismissed with prejudice**.

### IV.   Conclusion

Municipal Defendants' Motion to Dismiss, (ECF No. 35), and State Defendants' Motion to Dismiss, (ECF No. 37), are **granted.**

Plaintiff's claims arising under 52 U.S.C. § 10101 (the Voting Rights Act) are **dismissed with prejudice**.

Plaintiff's claims arising under 18 U.S.C. § 1519 are **dismissed with prejudice**.

All claims against State Defendants are **dismissed with prejudice**.

Plaintiff's § 1985 claims against Municipal Defendants are **dismissed with prejudice**.

All claims of "election fraud" arising under federal law are **dismissed with prejudice**.

All of Plaintiff's remaining state law claims are **dismissed with prejudice**.

Because all claims in this case have been dismissed, the Court **denies as moot** all pending motions in the case. Plaintiff asked the Court to provide him with legal assistance. (Resp. 4, ECF No. 43.) This request was not done properly. Regardless,

14

the request is **denied as moot**.  Plaintiff also asked the Court to refer the case to the Department of Justice.  (*Id.*)  This request is **denied as moot**.

    **SO ORDERED.**

Date: 09/26/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by U.S. mail:

Pierre Q. Pullins
6120 Westlake Drive N.
Apt. B
Indianapolis, IN 46224

Distribution to registered counsel of record via CM/ECF.