**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 16, 2023[*]
Decided October 18, 2023

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

| | |
|---|---|
| No. 22-2913 | |
| PIERRE Q. PULLINS,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| KATE SWEENEY BELL, *et al.*,<br>    *Defendants-Appellees*. | No. 1:20-cv-01311-JRS-MJD<br><br>James R. Sweeney II, *Judge*. |

**O R D E R**

Pierre Pullins, who ran unsuccessfully several times for a seat in the United States House of Representatives, appeals the dismissal of his lawsuit that alleged misconduct by state and municipal electoral officials. The district court concluded that he lacks standing to bring certain claims and that the complaint otherwise does not state a claim on which relief may be based.

---

[*] We substitute Kate Sweeney Bell, the current Clerk of Marion County and Secretary of the Election Board, for Myla Eldridge, who held those posts when the suit began. After examining the briefs and the record, we have concluded that oral argument is unnecessary. *See* Fed. R. App. P. 34(a); Cir. R. 34(f).

We accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of Pullins. See *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). According to the complaint, Pullins initially protested election fraud in 2006. He asserted that someone had been falsifying primary results since his first run for office that year. Pullins again ran for a seat in Indiana's Seventh Congressional District in 2018. During the Democratic primary campaign, Pullins publicly inquired into possible ethical violations by his opponent, the incumbent. Before primary day, two local newspapers and a local radio station excluded Pullins from their coverage. And a city employee working for a former Democratic Party chairman threatened Pullins, telling him that he was dealing with "people that could make him disappear." Pullins reported the threat to city officials but did not receive a response.

Two years after the 2018 primary election, Pullins sued the Clerk of Marion County and Secretary of the Marion County Election Board, in her official capacity, alleging that she and "all clerks from 2006 to the present" had falsified Pullins's vote totals. Pullins also demanded that the Election Board republish the 2006 results. After the Board did so, Pullins amended his complaint to cast this action as evidence of a cover-up, and he added various state and municipal officials involved in the 2018 election. Pullins generally alleged that the defendants, along with the incumbent's campaign, conspired to suppress Pullins's ethics inquiry and to falsify the 2018 vote totals. Pullins's amended complaint added multiple counts corresponding to his theories of relief under federal and state law, including election fraud, conspiracy, obstruction of justice, libel, political persecution, intimidation, and emotional distress. He also alleged constitutional violations and violations of the Voting Rights Act of 1965, 52 U.S.C. §10101 *et seq*.

Two sets of defendants (municipal and state) moved to dismiss the amended complaint, and the district court granted the motions. 2022 U.S. Dist. LEXIS 173889 (S.D. Ind. Sept. 26, 2022). First, the court explained that Pullins did not state a claim under the Voting Rights Act because he did not allege an infringement of his right to vote. The court also rejected Pullins's suggestion that he had a claim under the Help America Vote Act, observing that Pullins did not allege voter impersonation. Second, the court explained that Pullins, a private citizen, could not prosecute the defendants for obstruction of justice under 18 U.S.C. §1519, a criminal statute. Third, Pullins's allegations did not give rise to a plausible inference that the State defendants were involved in a conspiracy to falsify primary election results, and the claim against the municipal defendants was untimely. Fourth, the court dismissed the generic claim of "election fraud" under federal law for lack of standing, see Fed. R. Civ. P. 12(b)(1), because federal law does not create "a cause of action upon which his injury can be adequately redressed." Finally, the court concluded that Pullins's state-law claims are untimely. Election fraud

Case 1:20-cv-01311-JRS-MJD   Document 63   Filed 11/09/23   Page 3 of 6 PageID #: 300
Case: 22-2913   Document: 00714288870   Filed: 11/09/2023   Pages: 4   (3 of 6)

No. 22-2913                                                                Page 3

must be asserted within 14 days under Indiana law, and the other alleged wrongful conduct occurred outside the two-year statute of limitations.

Pullins first challenges the dismissal of his claim that the defendants obstructed justice, arguing that the defendants tried to cover up fraud by restating the 2006 election results. As the district court correctly noted, however, obstruction of justice is a criminal offense that only a criminal prosecutor can enforce. See *United States v. Texas*, 143 S. Ct. 1964 (2023); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Pullins does not acknowledge the principle of *Linda R.S.*, let alone attempt to show how he is entitled to enforce a criminal statute. (Indeed, the "Argument" section of his brief does not cite a single judicial decision, and his reply brief likewise is unburdened by citations.)

Pullins continues to refer to a federal claim of "election fraud," but he did not identify any federal statute addressed to generic "election fraud." The district court thought that this deprived Pullins of standing, but the absence of a statutory right means that the plaintiff loses on the merits. Standing requires only injury, causation, and redressability; the need for a substantive statute is a different kind of problem. See *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014). Pullins also needs but does not have a private right of action, but this too is a statutory rather than a jurisdictional issue. See *Cort v. Ash*, 422 U.S. 66, 78 (1975).

The Constitution presumptively leaves it to the states to administer federal elections (Art. I §4), and even a deliberate violation of state election laws by state officials is just a violation of state law. The Constitution does not guarantee that states will enforce their laws correctly, a proposition that holds for election laws as well as other kinds of law. *Shipley v. Chicago Board of Election Commissioners*, 947 F.3d 1056, 1062 (7th Cir. 2020).

Pullins challenges the dismissal of his conspiracy claims under 42 U.S.C. §1985 against the municipal defendants. The district court deemed these claims untimely. Pullins maintains that all claims against defendants added to the complaint relate back to its original filing date. As the district court correctly explained, however, Pullins's original complaint (filed just barely within two years of the last allegedly wrongful act in May 2018) named only the county election board and state election commission and complained only of the falsification of election results between 2006 and 2018. He did not add the municipal defendants or any allegations of "conspiracy, libel, political persecution, intimidation, and emotional distress" until the amended complaint filed on November 2, 2020, after the two-year statute of limitations had expired. See Ind. Code §34-11-2-4(a)(1); *Hoagland v. Town of Clear Lake*, 415 F.3d 693, 699–700 (7th Cir. 2005). The conditions for relation back under Fed. R. Civ. P. 15(c) are unmet, because these new defendants could not have known, from the original complaint, that Pullins had any grievance against them. Pullins's argument that the re-posting of the 2006 election results

Case 1:20-cv-01311-JRS-MJD   Document 63   Filed 11/09/23   Page 4 of 6 PageID #: 301
Case: 22-2913   Document: 00714288870   Filed: 11/09/2023   Pages: 4   (4 of 6)

No. 22-2913                                                                   Page 4

restarted the statute of limitations does not help his cause: He did not file the amended complaint within two years of that act, either.

Next, Pullins contends for the first time on appeal that the district judge should have recused himself for political bias, presumably under 28 U.S.C. §455. A recusal motion in the district court is not required before we will consider an argument for judicial disqualification, so the appellees' assertion of waiver is incorrect. See *Thomas v. Dart*, 39 F.4th 835, 844–45 (7th Cir. 2022). But Pullins does not show that Judge Sweeney had a disqualifying conflict. Instead, he asserts that the judge knows, has worked with, or is related to, attorneys and judges who in turn have connections to Democratic politics or the news media. We do not see why any of these things would be deemed a conflict, but at all events they are too attenuated to cause a reasonable, well-informed observer to question the judge's impartiality. See *United States v. Barr*, 960 F.3d 906, 919–20 (7th Cir. 2020); *United States v. Simon*, 937 F.3d 820, 826 (7th Cir. 2019).

Pullins's other arguments do not engage with the district court's reasons for dismissing the balance of the amended complaint. Although we construe pro se filings liberally, Pullins's failure to develop his other assertions means that they are forfeited.

Over the years Pullins has filed 21 cases in the Southern District of Indiana, presenting fanciful and often outlandish allegations against high-ranking executives at Amazon, Wal-Mart, and other businesses with no apparent relation to him, and against federal, state, and local officials, including former presidents and judges. Only two of his cases lasted as far as the summary-judgment stage, and each of those ended in a judgment against him. Of the five appeals this court has considered, none had merit. This barrage of frivolous litigation must stop.

Fed. R. App. P. 38 permits a court of appeals to give notice that an appeal appears to be frivolous and to award sanctions after allowing the litigant an opportunity to respond. We now give Pullins that notice. He has 14 days to show cause why penalties, which may include fines and awards of attorneys' fees, should not be imposed.

One last subject. The judgment entered by the district court provides: "This action is dismissed for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction." We have explained why the absence of a statute supporting Pullins's civil claims does not equate to a lack of jurisdiction—though under *Linda R.S.* there is a genuine jurisdictional deficiency with respect to a private litigant's attempt to enforce a criminal statute. It follows that the judgment must be modified to be exclusively on the merits with respect to all issues other than private enforcement of criminal law. As so modified, the judgment is affirmed.

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**CERTIFIED COPY**
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

**FINAL JUDGMENT**

October 18, 2023

Before

FRANK H. EASTERBROOK, *Circuit Judge*
AMY J. ST. EVE, *Circuit Judge*
THOMAS L. KIRSCH II, *Circuit Judge*

| No. 22-2913 | PIERRE Q. PULLINS,<br>      Plaintiff - Appellant<br>v.<br>KATE SWEENEY BELL*, et al.,<br>      Defendants - Appellees |
|---|---|
| **Originating Case Information:** ||
| District Court No: 1:20-cv-01311-JRS-MJD<br>Southern District of Indiana, Indianapolis Division<br>District Judge James R. Sweeney, II ||

As so modified, the judgment of the District Court is **AFFIRMED** in accordance with the decision of this court entered on this date. Appellees recover costs.

Clerk of Court

*We substitute Kate Sweeney Bell, the current Clerk of Marion County and Secretary of the Election Board, for Myla Eldridge, who held those posts when the suit began.

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

November 9, 2023

To:   Roger A. G. Sharpe
      UNITED STATES DISTRICT COURT
      Southern District of Indiana
      United States Courthouse
      Indianapolis, IN 46204-0000

| | |
|---|---|
| No. 22-2913 | PIERRE Q. PULLINS,<br>　　　　Plaintiff - Appellant<br><br>v.<br><br>KATE SWEENEY BELL, et al.,<br>　　　　Defendants - Appellees |
| **Originating Case Information:** ||
| District Court No: 1:20-cv-01311-JRS-MJD<br>Southern District of Indiana, Indianapolis Division<br>District Judge James R. Sweeney, II ||

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:                              No record to be returned

form name: **c7_Mandate**    (form ID: **135**)